UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ELK GROVE, et al.,<br><br>　　　　Defendants. | No. 2:23–cv–00057-TLN–CKD PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). The court finds that it lacks federal subject matter jurisdiction over the action. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the federal court's independent duty to ensure it has subject matter jurisdiction in the case). Accordingly, the court recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed in forma pauperis in this court be denied as moot.

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. Resolution of dispositive matters by a magistrate judge are to be filed as findings and recommendations. See Local Rule 304.

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

**Analysis**

Here, plaintiff has filed a two-paragraph complaint making vague and conclusory allegations against the City of Elk Grove and two police officers. (ECF No. 1.) Plaintiff alleges

that defendants "do not enforce restraining orders," "act against elders," "do not follow their mandatory duties," and "go against the victims." (Id.)  Plaintiff further alleges that defendants kept him "away from his house to die outside from cold . . . for no reasonable legal reason" and "adopted grossly illegal and unconstitutional practices, customs and policies[.]" Id.  Plaintiff seeks damages in the amount of "more than $100,000.00."  Plaintiff has not alleged any specific injury caused by defendants that may be redressed in court.  These brief and insubstantial allegations are legally frivolous.

The court does not have federal question jurisdiction over this action, because plaintiff does not assert any federal claims against any defendant.  Furthermore, there is no diversity of citizenship jurisdiction, because both plaintiff and defendants are citizens of California.  Moreover, as plaintiff has alleged no legal or factual basis for the claimed damages, the amount in controversy requirement plainly cannot be met.  See McDaniel v. Hinch, No. 2:17-cv-02448 KJM CKD (E.D. Cal.), Order dated July 11, 2018 ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction. Fed. R. Civ. P 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).").

Therefore, the court recommends that the action be dismissed without prejudice for lack of federal subject matter jurisdiction.

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT;
2. The action be DISMISSED for lack of subject matter jurisdiction; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455

(9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**ORDER**

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

Dated: April 4, 2023

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/singh0057.f&r dismiss no SMJ, IFP moot